# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BUSCH,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE OF AMERICA, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-CV-0414 W (AGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DOC. 7]** |

　　　Defendant United Parcel Service of America, Inc. ("UPS") removed this case from the San Diego Superior Court on March 1, 2019. (*Notice of Removal* [Doc. 1].) Plaintiff now moves to remand. (*Pl.'s Mot.* [Doc. 7].) The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, Plaintiff's motion will be denied.

//
//
//
//
//
//

1

## I. BACKGROUND

On January 22, 2019, Plaintiff commenced this action in San Diego Superior Court against UPS, BJT Investments, Inc. ("BJT"), and Rodrigo Nicolau. (*Compl.* [Doc. 1-1, Exh. A].) The Complaint alleged that Nicolau and BJT had prepared a shipping label for Plaintiff's paintings—to be shipped via UPS. (*See id.*) The paintings were allegedly lost in transit. (*See id.*)

The Complaint alleged: (1) violation of 49 U.S.C. § 14706 against UPS; (2) ratification of theft of parcel against UPS; (3) violation of California Commercial Code § 7309 against BJT and Nicolau; and (4) negligence against BJT and Nicolau. (*Compl.* [Doc. 1-1, Exh. A].)

On March 1, 2019, UPS removed the action to this Court on the basis of 28 U.S.C. § 1331 and §1337. (*Notice of Removal* [Doc. 1].) On April 2, 2019, Plaintiff filed a motion to remand, with a hearing date of May 13, 2019. (*Mot. to Remand* [Doc. 7].) On April 19, 2019, Plaintiff and UPS filed a joint motion to refer Plaintiff's claims against UPS to arbitration, and to stay Plaintiff's claims against UPS pending the subsequent dismissal of UPS. (*Joint Mot.* [Doc. 8].) The Court granted that motion on April 22, 2019. (*Apr. 22, 2019 Order* [Doc. 10].) The claims against UPS are stayed pending a dismissal of UPS, but UPS has not yet been dismissed.

For the reasons that follow, Plaintiff's motion to remand will be denied.

## II. LEGAL STANDARD

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. " 'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.' " In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).

The party seeking to invoke removal jurisdiction bears the burden of supporting its jurisdictional allegations with competent proof. See Gaus v. Miles. Inc., 980 F.2d 564, 566–67 (9th Cir. 1992) (per curiam); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "The propriety of removal . . . depends on whether the case originally could have been filed in federal court." Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997); see 28 U.S.C. § 1441(a).

There is a "strong presumption" against removal jurisdiction, and the defendant always bears the burden of establishing the propriety of removal. See Gaus, 980 F.2d at 566 (internal quotation omitted); Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n.3 (9th Cir. 1990) (internal citation omitted).

## III. DISCUSSION

### A. Motion to Remand

Plaintiff's motion to remand is based on the premise that "[u]pon dismissal of UPS, the remaining action lacks diversity." (*Mot. to Remand* [Doc. 7-1] 2.) It would seem that Plaintiff plans to seek the dismissal of UPS from this action, and that he believes this will destroy the Court's jurisdiction to hear the case.

UPS has not yet been dismissed. To the extent the Motion to Remand itself is intended as a mechanism by which to dismiss UPS from this action, no request for such relief appears in the caption or the Notice of Motion.

Plaintiff does not demonstrate the absence of subject matter jurisdiction. The motion to remand will be denied. See 28 U.S.C. § 1447(c).

//
//
//
//
//
//

## IV. CONCLUSION & ORDER

Plaintiff's motion to remand is **DENIED**. [Doc. 7.]

**IT IS SO ORDERED.**

Dated: May 13, 2019

Hon. Thomas J. Whelan
United States District Judge