# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BUSCH,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE OF AMERICA, INC., et al.,<br><br>         Defendants. | Case No.: 19-CV-0414 W (AGS)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT UPS [DOC. 12]; AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. 13]** |

   Defendant United Parcel Service of America, Inc. ("UPS") removed this case from the Superior Court of California on March 1, 2019. (*Notice of Removal* [Doc. 1].) Plaintiff now moves to voluntarily dismiss UPS, and for reconsideration of the order denying his prior motion to remand the case to state court. (*Mot. to Dismiss UPS* [Doc. 12]; *Mot. for Recon.* [Doc. 13].) The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, both motions will be granted.

//

//

## I. BACKGROUND

On April 19, 2019, parties filed a joint motion to refer Plaintiff's claims against UPS to arbitration. [Doc. 8.] The motion was granted. (*Apr. 22, 2019 Order* [Doc. 10].)

On April 2, 2019, Plaintiff filed a motion to remand in light of the forthcoming dismissal of Defendant UPS. (*Mot. to Remand* [Doc. 7].) The Court denied the motion, as UPS had not yet been dismissed. (*May 13, 2019 Order* [Doc. 11].)

On May 17 and 22, 2019, respectively, Plaintiff filed a motion to dismiss UPS and for reconsideration of the previous motion to remand. (*Mot. to Dismiss UPS* [Doc. 12]; *Mot. for Recon.* [Doc. 13].) Each motion has a hearing date of July 1. Despite proper service on all defendants, no opposition to either motion is on file. (*Proof of Service re: Mot. to Dismiss UPS* [Doc. 12-2]; *Proof of Service re: Mot. for Recon.* [Doc. 13-3].)

## II. LEGAL STANDARD

### A. Voluntary Dismissal

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to voluntarily dismiss an action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision of whether to allow a dismissal rests in the court's discretion. See Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice "means 'prejudice to some legal interest, some legal claim, some legal argument.'" Id. at 976 (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)). Plain legal prejudice, however, "does not result merely because the defendant will be

inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." Smith, 263 F.3d at 976 (citing Hamilton, 679 F.2d at 145). Rather, the analysis turns on the "rights and defenses available to a defendant in future litigation." See Westlands Water Dist., 100 F.3d at 97. "[I]n determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." Id.

A district court may condition voluntary dismissal on the plaintiffs' payment of the defendants' fees and costs. See Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993). The decision rests in the Court's discretion. See Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989). "A defendant is entitled only to recover, as a condition of dismissal under Fed. R. Civ. P. 41(a)(2), attorneys['] fees or costs for work which is not useful in continuing litigation between the parties." See Koch, 8 F.3d at 652.

### B. Motion for Reconsideration

Federal Rule of Civil Procedure 60(a) allows a Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "Substantive changes of mind by a court cannot be effected through Rule 60(a)." Buchanan v. United States, 755 F. Supp. 319, 324 (D. Or. 1990) (citing Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir. 1983)). However, "[a] court's failure to memorialize part of its decision . . . is a clerical error." Id. at 324; see also Blanton v. Anzalone, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987). Furthermore, "Rule 60(a) can be used to conform a judgment to a prior ruling." Buchanan, 755 F. Supp. at 324.

There are two ways by which a party may seek substantive reconsideration of an order: (1) Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment),

or (2) Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). See Hinton v. Pac. Enter., 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' " Id. (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (emphasis omitted). It does not give parties a second bite at the apple. See id. "[A]fter thoughts or shifting of ground do not constitute an appropriate basis for reconsideration. Ausmus v. Lexington Ins. Co., No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.) (internal quotation omitted).

" 'Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.' " Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1992) (quoting Ben Sager Chem. Int'l v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud, misrepresentation, or misconduct by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). The last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or

4

correct an erroneous judgment." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007) (internal quotations omitted).

### C. Supplemental Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. " 'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.' " In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The decision whether to exercise supplemental jurisdiction after the dismissal of all claims over which the district court had original jurisdiction is purely discretionary. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).

//
//
//
//
//
//

5

## III. DISCUSSION

### A. Motion to Voluntarily Dismiss UPS

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

Fed. R. Civ. P. 41(a)(2).

Plaintiff moves to dismiss UPS on the grounds that its claims against that defendant were ordered to binding arbitration. (*Mot. to Dismiss UPS* [Doc. 12].) By not filing an opposition, UPS has consented to its dismissal from the action. Civ. L.R. 7.1(f)(3)(c).

The motion to dismiss UPS without prejudice will be granted.

### B. Motion for Reconsideration

Claims against UPS were brought under 49 U.S.C. § 14706. (*Compl.* [Doc. 1-1, Exh. A].) This is the sole source of the Court's original jurisdiction over this matter. Remaining defendants are non-diverse. By failing to oppose the motion for reconsideration, all defendants consent to the granting of the motion. See Civ. L.R. 7.1(f)(3)(c). With the dismissal of all claims over which the Court has original jurisdiction, declination of supplemental jurisdiction over the remaining state-law claims is appropriate. See 28 U.S.C. § 1367(c); Carlsbad Tech., 556 U.S. at 639.

Plaintiff's motion for reconsideration will be granted. [Doc. 13.] This case will be remanded to the Superior Court of California.

//
//
//
//
//
//

6

## IV. CONCLUSION & ORDER

Plaintiff's motion to voluntarily dismiss UPS without prejudice is **GRANTED**. [Doc. 12.]

Plaintiff's motion for reconsideration of the order denying his prior motion to remand is **GRANTED**. [Doc. 13.]

This case is **REMANDED** to the California Superior Court.

**IT IS SO ORDERED.**

Dated: July 10, 2019

Hon. Thomas J. Whelan
United States District Judge